IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DJUAN JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 21-CV-0554-JFH-SH |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
| Respondent. | ) |

## LIMITED RESPONSE

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, John M. O'Connor, and files this Limited Response to Petitioner's 28 U.S.C. § 2254 habeas corpus petition, as directed by this Court. (Docs. 1, 5). Although Respondent recognizes this Court ordered the Limited Response to address the statutory time bar (Doc. 5, at 1-2), Respondent's investigation of Petitioner's state court cases revealed that he is no longer in custody pursuant to some of the judgements that his Petition purports to challenge. Because lack of custody presents a jurisdictional bar to consideration of a habeas petitioner, *see Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), whereas lack of timeliness is non-jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), Respondent respectfully submits that Petitioner's custody status as to each judgment he challenges must be addressed before turning to timeliness.

Accordingly, for the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant habeas petition: (1) as to Case Numbers CF-2009-2754 and CF-2000-6778, for lack of subject matter jurisdiction; and (2) as to Case Numbers CF-2009-2008 and CF-2009-2009 for violation of the statute of limitations, pursuant to 28 U.S.C. § 2244(d)(1).[1]

---

[1] The Court's order of January 20, 2022 notes "the Petition may be barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations" and "directs Respondent to file a limited response

## ARGUMENT AND AUTHORITY

## PROCEDURAL HISTORY

Djuan Jackson, hereinafter referred to as Petitioner, filed the within habeas petition challenging state court convictions under four separate docket numbers. Petitioner's habeas petition purports to challenge convictions for which sentences have been fully served and he is not "in custody." As to the convictions for which Petitioner is still serving sentences, his habeas petition is well beyond the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and therefore is time-barred. The following procedural history is relevant to disposition of Respondent's Motion to Dismiss.

Case Number CF-2000-6778

On September 10, 2001, Petitioner pled guilty in Tulsa County District Court to two counts of Assault with Intent to Commit a Felony, in violation of OKLA. STAT. tit. 21, § 681 (1999), amended from two counts of First-Degree Rape. (Exhibit 1 ("Ex. 1"), Findings of Fact-Acceptance of Plea). By way of factual basis, Petitioner admitted that on two occasions on or about May 1 and 8, 2000, when Petitioner was nineteen years old, he had sex with a thirteen-year-old girl. *Id.* at 3, ¶ 24. On October 31, 2001, the court deferred Petitioner's sentence to October 30, 2006. *Id.* at 5; (Exhibit 2 ("Ex. 2"), Orders of Deferred Sentence).

In or about June 2002, the Tulsa County District Attorney made application to accelerate Petitioner's judgment and sentence for failure to comply with conditions of probation. (Exhibit 3 ("Ex. 3"), Application to Accelerate Judgment and Sentence). On August 30, 2002, the court

---

addressing whether the Petition should be dismissed as time-barred." (Doc. 5). This motion is filed in accordance therewith, but with the understanding Respondent's right to respond on the merits is preserved should his motion be denied. *Fontenot v. Crow*, 4 F.4th 982, 1058 (10th Cir. 2021).

entered judgment against Petitioner for the two counts of Assault with Intent to Commit a Felony and imposed a five-year term of confinement for each to run concurrent with the other. (Exhibit 4 ("Ex. 4"), Judgment and Sentence). Petitioner did not file an appeal from this judgment. (Doc. 1, ¶ 8).

Petitioner completed service of his aggregate sentence under Case Number CF-2000-6778 on December 28, 2004. *See* (Exhibit 17 ("Ex. 17"), Okla. Dep't of Corr., Offender Search).

Case Number CF-2009-2754

A jury found Petitioner guilty of four counts for which, on January 11, 2010, a Tulsa County District Court imposed sentence as follows: a custodial term of four years for Assault and Battery upon a Police Officer After Former Conviction of Two Felonies, in violation of OKLA. STAT. tit. 21, § 649 (2001) (Count 1); a custodial term of one year for Obstructing an Officer, in violation of OKLA. STAT. tit. 21, § 540 (2001) (Count 2); a custodial term of nineteen years for First-Degree Attempted Burglary After Former Conviction of Two Felonies, in violation of OKLA. STAT. tit. 21, § 1431 (2001) (Count 3); and a custodial term of one year for Resisting an Officer, in violation of OKLA. STAT. tit. 21, § 268 (2001) (Count 4). All sentences were ordered to run consecutive to each other. (Exhibit 5 ("Ex. 5"), Judgment and Sentence).

On February 9, 2012, the Oklahoma Court of Criminal Appeals (OCCA) issued an unpublished opinion affirming Petitioner's Judgment and Sentence. (Exhibit 6 ("Ex. 6"), Summary Opinion).

Petitioner completed service of his aggregate sentence under Case Number CF-2009-2754 on September 25, 2018. *See* (Ex. 17).

Case Numbers CF-2009-2008 and 2009-2009

On December 14, 2010, Petitioner pled no contest to two charges of Lewd Molestation After Former Conviction of Two Felonies, in violation of OKLA. STAT. tit. 21, § 1123 (2008), in Tulsa County Case Numbers CF-2009-2008 and CF-2009-2009. (Exhibit 7 ("Ex. 7"), Plea No Contest Summary of Facts, 2009-2008; Exhibit 9 ("Ex. 9"), Plea of Guilty Summary of Facts, 2009-2009). The prior felonies used to enhance Petitioner's sentences included the two counts of Assault with Intent to Commit a Felony under CF-2000-6778. (Ex. 7, ¶ 26; Ex. 9, ¶¶ 12, 26). Petitioner's pleas were entered pursuant to a plea agreement that provided for a twenty-four-year term of imprisonment on each charge, to run concurrent with each other and with the sentence imposed on CF-2009-2754. (Ex. 7, ¶ 23; Ex. 9, ¶ 23). The court sentenced Petitioner in accordance with the plea agreement on the same date. (Ex. 7, at 5; Exhibit 8 ("Ex. 8"), Judgment and Sentence, 2009-2008; Ex. 9, at 5; Exhibit 10 ("Ex. 10), Judgment and Sentence, 2009-2009).

Petitioner did not file an appeal from these judgments. (Doc. 1, ¶ 8). On July 25, 2014, Petitioner filed a motion for modification of his sentences under CF-2009-2008 and CF-2009-2009. (Exhibit 11 ("Ex. 11"), Motion Requesting Modification of Sentence). The district court denied Petitioner's motion on August 4, 2014. (Exhibit 12 ("Ex. 12"), Order Denying Motion for Sentence Modification).

Petitioner is presently serving these sentences. *See* (Ex. 17).

Post-Conviction Relief Proceedings

On December 17, 2020, Petitioner filed a "Motion to Dismiss for Lack of Jurisdiction," with respect to Tulsa County Case Numbers CF-2000-6778, 2006-2106,[2] 2009-2754, 2009-2008,

---

[2] The Petition for Habeas Corpus does not challenge this conviction, which was for failure to register as a sex offender. (Doc. 1, ¶ 1(b); *see* Ex. 8; Ex. 10).

4

and 2009-2009. (Exhibit 13 ("Ex. 13"), Motion to Dismiss for Lack of Jurisdiction). Petitioner's supporting affidavit alleged that neither he nor any of his victims had "Indian blood" or was "recognized as Indian by a tribe or the federal government," but "all of the crimes" alleged in all his cases occurred "within the boundaries of the Cherokee Nation," and federal law "reserves exclusive civil and criminal jurisdiction in all cases that occur in Cherokee Nation boundaries to Cherokee Nation and excludes state criminal jurisdiction." (Ex. 13, at 3).

On June 8, 2021, Petitioner filed a Motion for Summary Disposition, which alleged that he was entitled to relief as a matter of law because "the facts as stated in the application for post-conviction relief are deemed confessed by Respondent's failure to respond." (Exhibit 14 ("Ex. 14"), Motion for Summary Disposition).

On June 28, 2021, the district court issued an order, captioned under Case Number CF-2009-2754, denying Petitioner post-conviction relief (PCR). (Exhibit 15 ("Ex. 15"), Order Denying Petitioner's Application for Post-Conviction Relief). The court found Petitioner's application "frivolous" "in light of the long history of decisions from the Supreme Court of the United States and the OCCA, upholding the authority of the State of Oklahoma and other States to try non-Indians for crimes against non-Indians within Indian Country." (Ex. 15, at 4-5, 5).

On November 30, 2021, the OCCA affirmed the order denying Petition PCR regarding Case Numbers CF-2000-6778, 2009-2754, 2009-2008, and 2009-2009, with citation to *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), and explanation that "[t]he convictions in this matter were final before the July 9, 2020 decision in *McGirt* [*v. Oklahoma*, 140 S. Ct. 2452 (2020)], and the United States Supreme Court's holding in *McGirt* does not apply." (Exhibit 16 ("Ex. 16"), Order Affirming Denial of Post-Conviction Relief).

Petition for Writ of Habeas Corpus

On December 20, 2021, Petitioner filed the within Petition for a Writ of Habeas Corpus that challenges his convictions under Tulsa County Case Numbers CF-2000-6778, 2009-2754, 2009-2008 and 2009-2009. (Doc. 1). In his habeas petition, Petitioner raises the following grounds for relief:

> Ground One, "The trial court lacked jurisdiction because provisions in treaties between the United States and Cherokee Nation exclude state criminal jurisdiction"
>
> Ground Two, "Congress has never granted criminal jurisdiction to Oklahoma over Cherokee Nation reservation."
>
> Ground Three, "The OCCA decision in *Matloff v. Wallace* declaring *McGirt* not retroactive/applicable on state collateral review is contrary to clearly established law."

(Doc. 1, ¶ 12). Petitioner alleges that he did not raise Grounds One and Two on direct appeal because "[i]ssue did not become ripe until *McGirt v. Oklahoma*, 140 S. Ct. 2452 and *Hogner v. State*, 2021 OK CR 4 (decided March 11, 2021)," and he did not raise Ground Three on direct appeal because "*Matloff* did not exist at the time of direct appeal." (Doc. 1, ¶ 12, Ground One(c), Ground Two(c), Ground Three(c)).

As to timeliness, Petitioner alleges that "Petition is timely because it is filed within one year, excluding time used to exhaust state remedies, of the U.S. Supreme Court decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 and OCCA decision in *Hogner v. State*, 2021 OK CR 4 (established the Cherokee Nation reservation continues to exist"). (Doc. 1, ¶ 18).

**I.   THE COURT LACKS AUTHORITY TO REVIEW PETITIONER'S CONVICTIONS UNDER CASE NUMBERS CF-2000-6778 AND 2009-2754**

Paragraph (1) of Section 2254 authorizes federal district courts to "entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court …" 28 U.S.C. § 2254(a) (emphasis added). "The Supreme Court has interpreted the

statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment."). The custody requirement is jurisdictional. *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

A habeas petitioner does not remain "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (quoting *Maleng*, 490 U.S. at 492). Further, a petitioner is not "in custody" on a prior conviction for which his sentence has fully expired, "merely because that conviction had been used to enhance a subsequent sentence." *Lackawanna Cnty Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

Petitioner is presently serving sentences imposed under judgments in Case Numbers CF-2009-2008 and 2009-2009, (Ex. 17); therefore, his petition satisfies § 2254's "in custody" requirement and is not subject to outright dismissal on jurisdictional grounds. *Coss*, 532 U.S. at 401-02; *Anderson-Bey*, 641 F.3d at 453.

However, as of the date he filed his habeas petition, Petitioner had completely served his sentence under Case Number CF-2009-2754. (Ex. 17). While the sentences that Petitioner is serving were enhanced by prior convictions, the CF-2009-2754 convictions were not used for enhancement, nor were the CF-2009-2754 sentences run consecutive to sentences that Petitioner continues to serve. *Cf. Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Therefore, § 2254's "in custody" requirement was not satisfied regarding Case Number CF-2009-2754, and this Court

7

lacks jurisdiction to review the CF-2009-2754 judgment. *See Mays*, 580 F.3d at 1140-41 (holding that habeas court lacked jurisdiction to review fully discharged sentence which petitioner served simultaneously with sentence for which he was in custody, where prior judgment was not used as sentence enhancer, nor carried a sentence that was imposed consecutively).

As of the date he filed his habeas petition, Petitioner's sentences under Case Number CF-2000-6778 had been fully served, (Ex. 17); therefore, the "in custody" jurisdictional requirement is unsatisfied as to CF-2000-6778. Petitioner's convictions under CF-2000-6778 were used to enhance the sentences that he continues to serve under CF-2009-2008 and 2009-2009. However, the mere fact that "a conviction had been used to enhance a subsequent sentence" is not sufficient for a habeas petition to be "in custody" on that conviction; rather, his habeas petition must assert, or be read as asserting, "a challenge to the [current] sentence[], as enhanced by the allegedly invalid prior conviction" for him to "satisf[y] the 'in custody' requirement for federal habeas jurisdiction." *Coss*, 532 U.S. at 401 (quotation marks omitted); *Maleng*, 490 U.S. at 493-94.

Even with liberal construction, Petitioner's habeas petition cannot fairly be read to challenge his current sentences as enhanced by his convictions in Case Number CF-2000-6778. While Petitioner does indicate he seeks to challenge his current sentences in CF-2000-2008 and 2000-2009, as well as his fully served convictions and sentences in CF-2000-6778, his Petition does not mention that the sentences he is currently serving were enhanced by CF-2000-6778, let alone that they were "enhanced by the allegedly invalid prior conviction[s]" of CF-2000-6778. *Coss*, 532 U.S. at 401-02. *Cf. McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (interpreting petition that challenged 2001 convictions, which sentences were fully served, as challenging 2004 sentence which the petitioner was currently serving, by relying on footnote in the petition that asserted that 2001 convictions were used to enhance 2004 sentence and that

petition was filed "to attack that enhancement"). Petitioner's attacks on all four of his Tulsa County judgments invoke *McGirt* and allege lack of authority to prosecute him (Doc. 1, ¶ 12); his attacks on convictions with discharged sentences do not rely upon their relationship to each other or even mention use to enhance his present sentences. Accordingly, even under *Lackawanna v. Coss*, Petitioner is not "in custody" pursuant to his sentences in CF-2000-6778, and his challenge to those convictions and sentences must be dismissed for lack of jurisdiction.

Alternatively, even assuming Petitioner's habeas petition could be construed as challenging his current sentences as enhanced by his convictions and sentences in CF-2000-6778, his petition must nonetheless be dismissed as untimely. As shown below, any claims attacking Petitioner's current sentences in CF-2000-2008 and 2009-2009 are untimely under 28 U.S.C. § 2244(d)(1). Petitioner's challenge to CF-2000-6778 must be dismissed, whether for lack of custody or as untimely.

## II.   THE PETITION IS SUBJECT TO DISMISSAL FOR VIOLATION OF THE AEDPA STATUTE OF LIMITATIONS

### A. Petitioner's Habeas Petition is Untimely

Petitioner's Judgment and Sentence was final after the AEDPA was signed into law; therefore, AEDPA afforded Petitioner one year to file a habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) of the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, the time during which a "properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." § 2244(d)(2).

  Petitioner did not seek direct review from his Judgment and Sentence on Case Numbers CF-2009-2008 or 2009-2009; therefore, Petitioner's judgments became final on the expiration date for pursuing direct review by the OCCA. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); § 2244(d)(1)(A). In both cases, the Judgment and Sentence was pronounced on December 14, 2010. (Ex. 8; Ex. 10). To appeal from a guilty plea in Oklahoma, the defendant must first move to withdraw the plea in the trial court, which application must be filed within ten days of the pronouncement of Judgment and Sentence. Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App.; *Clayton*, 700 F.3d at 441. Petitioner's ten days for plea withdrawal expired Monday, December 27, 2010 (because Friday, December 24, 2010, was a state holiday). Petitioner's one-year period to timely file a habeas petition commenced the next day, December 28, 2010 (*Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)) and expired one year later, on Wednesday, December 28, 2011.

  Even assuming Petitioner's motions for judicial review and post-conviction relief qualify as applications for "collateral review" within the meaning of § 2244(d)(2),[3] only state applications

---

[3] While a post-conviction relief application would be a tolling motion if properly filed, Respondent maintains that a motion for judicial review would not toll even if properly filed. Though it is "an unresolved issue in our circuit," *Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished), Oklahoma's judicial review mechanism appears to operate like the one in Florida

for collateral review that are "filed within the one year allowed by AEDPA will toll the statute of limitations." *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Filed in 2014 and 2020 (Ex. 11; Ex. 13) -- well beyond the December 28, 2011, expiration of the § 2244(d)(1) limitation period -- Petitioner's state judicial review and PCR applications had no tolling effect. Petitioner's habeas petition is untimely under § 2244(d)(1)(A).

### B. The Petition Does Not Establish a Basis for Extending the Limitation Period

While a state prisoner "ordinarily has one year to file a federal petition for habeas corpus starting from the date on which the judgment became final," the filing period will be extended if the petition alleges facts that satisfy one of the alternative circumstances in § 2244(d)(1)(B), (C), or (D). *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013); *Clark*, 468 F.3d at 714; *Preston*, 234 F.3d at 1120. Although Petitioner's state court convictions became final approximately a decade ago, Petitioner asserts that his Petition "is timely because it is filed within one year, excluding time used to exhaust state remedies of the U.S. Supreme Court decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 and OCCA decision in *Hogner v. State*, 2021 OK CR 4 (established the Cherokee Nation reservation continues to exist)." (Doc. 1, ¶ 18).

*Pro se* petitions for habeas relief are to be liberally construed, but a federal court "may not rewrite a petition to include claims that were never presented." *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)); *see also*

---

that was held by one Eleventh Circuit panel *not* to constitute "collateral review" within the meaning of § 2244(d)(2) and *Wall v. Kholi*, 562 U.S. 545 (2011). *See Baker v. McNeil*, 439 F. App'x 786 (11th Cir. 2011) (unpublished); *but see Rogers v. Sec'y Dep't of Corr.*, 855 F.3d 1274, 1278 n.1 (11th Cir. 2017) (declining to follow *Baker*).

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (rule of liberal construction does not recast court as advocate for *pro se* litigant).

As quoted *supra* p. 10, the limitations period shall run, under § 2244(d)(1)(C), from the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review," and, under § 2244(d)(1)(D), from the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Construed liberally, the within habeas petition could be read to assert one or both of these circumstances. Neither, however, applies.

Section 2244(d)(1)(C) does not apply to Petitioner's claim because, as Oklahoma district courts consistently have determined, *McGirt* does not provide a new triggering date for purposes of that provision. *See Donahue v. Harding*, CIV-21-183, 2021 WL 4714662, at *5 & n.7 (W.D. Okla. Sept. 15, 2021) (unpublished) (whether Creek Nation remained an Indian reservation for purpose of federal criminal law was a "non-constitutional issue"; "*McGirt* did not announce a newly recognized constitutional right"); *Littlejohn v. Crow*, No. 18-CV-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (unpublished) ("the Supreme Court did not newly recognize any constitutional rights in *McGirt*"); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (unpublished) (*McGirt* "did not break any new ground or recognize any new rights," rather was "mere application of, and was dictated by, existing law"; *McGirt* "did not recognize a new constitutional right, much less a retroactive one"); *Maples v. Whitten*, No. 21-CV-0091, 2021 WL 4255615, at *5 (N.D. Okla. Sept. 17, 2021) (unpublished) (*McGirt* "did not recognize a new constitutional right when it relied on clearly established Supreme Court precedent" to determine Creek Reservation had not been disestablished); *Berry v. Braggs*, No. 19-

CV-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) (unpublished) (*McGirt* "did not recognize any new constitutional rights …"); *see also McGirt*, 140 S. Ct. at 2479, 2481 (assuming procedural bars, statutes of repose and other "state and federal limitations on postconviction review" would apply to anticipated *McGirt* claims); *Davis v. Whitten*, CIV-21-106, 2021 WL 5235991, at *2 (E.D. Okla. Nov. 10, 2021) (unpublished) (quoting unpublished Tenth Circuit order denying the petitioner permission to file successive habeas petition based on *McGirt* because "*McGirt* did not announce a new rule of constitutional law"). Petitioner's citation to *McGirt* as a basis for not filing within the one-year limitation period does not support § 2244(d)(1)(C).

Petitioner alleges in other parts of his petition that his grounds for relief "did not become ripe" until *McGirt* was decided (Doc. 1, ¶ 12 Ground One(c), Ground Two(c)), thereby implying reliance upon § 2244(d)(1)(D) which deems timely a habeas claim filed within one year of "the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence." This claim fails because Petitioner's prosecutorial authority claim is not "based on newly-discovered facts." *Sanders*, 2021 WL 3291792, at *5 (quoting *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459, at *2 n.2 (W.D. Okla. June 12, 2018) (unpublished)).

The alleged factual basis of Petitioner's prosecutorial authority claims is that he was charged and convicted of crimes that occurred on the Cherokee Nation reservation. (Doc. 1, ¶ 12 Ground One(a), Ground Two(a)). Petitioner "would have either known these facts or could have discovered them through the exercise of due diligence at the time of his conviction." *Donahue*, 2021 WL 4714662, at *5; *see Jones*, 2021 WL 3854755, at *2 (rejecting § 2244(d)(1)(D) as applicable to untimely *McGirt* claim: petitioner had "not identified any facts … that he was previously unable to discover and that reasonably affected the availability of the remedy of federal habeas relief"); *see Seals v. Smith*, No. Civ-19-1069, 2020 WL 6038760, at *4 (W.D. Okla. June

4, 2020) (unpublished) (rejecting reliance on § 2244(d)(1)(D) to plead timeliness of petition that alleged lack of jurisdiction, noting the petitioner "knew the factual predicate for his jurisdictional claim – *i.e.*, the location of his crimes and his status as a tribal member – when he entered his plea."); *Parris v. Whitten*, No. 18-CV-0443, 2019 WL 2928754, at *4 (N.D. Okla. July 8, 2019) (unpublished) (same: petitioner knew "the factual predicate for his jurisdictional claim – namely, his status as a Native American and the location where he committed his crimes – when he entered his guilty plea").

While Petitioner alleges his petition is timely because it was filed within one year of the *McGirt* decision (Doc. 1, ¶ 18), at best the *McGirt* decision alerted Petitioner to the potential *legal* significance of the location of his crime; such "does not trigger a new start date under § 2244(d)(1)(D)." *Donahue*, 2021 WL 4714662, at *5; *Seals*, 2020 WL 6038760, at *4; *Parris*, 2019 WL 2928754, at *4. *See generally Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Because Petitioner has "not identified any facts … that he was previously unable to discover and that reasonably affected the availability of the remedy of federal habeas relief," Section 2244(d)(1)(D) does not apply to render his *McGirt* prosecutorial authority claim timely. *Jones*, 2021 WL 3854755, at *2.

Finally, liberally construed, the petition could be read to suggest that the OCCA's rejection of his state PCR application with citation to *Matloff* somehow renders his habeas petition timely. (Doc. 1, ¶ 12 Ground Three(c)). In *Matloff*, the OCCA exercised its "independent state law authority to interpret the remedial scope of the state post-conviction statutes" to hold that *McGirt* would not apply retroactively in state PCR to void convictions that were final as of the date *McGirt*

was decided. *Matloff*, 497 P.3d at 689. *Matloff*'s interpretation of state PCR law had no bearing whatsoever on Petitioner's transgression of the federal habeas one-year limitations period.

As discussed above, Petitioner's state conviction became final on December 27, 2010, and his time for filing a timely habeas petition expired December 28, 2011. *Supra* p. 10. Petitioner did not file his application for PCR until December 17, 2020. (Ex. 11). Petitioner's PCR proceedings regarding the prosecutorial authority claim could have no tolling effect on the habeas limitation period for asserting that same jurisdictional claim, because the state PCR was filed after that limitation period already was long expired. *E.g., Sigala*, 656 F.3d at 1127; *Clark*, 468 F.3d at 714.

Furthermore, *Matloff* could not extend Petitioner's time to file for habeas under § 2244(d)(1)(D), because alleged error in the OCCA's decision on state application for PCR would not give rise to an independent basis ("factual predicate") for habeas. *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000). *See also Clark v. Higgins*, No. 08-CV-663, 2009 WL 1765754, at *4 (N.D. Okla. 2009) (unpublished) (rejecting claim that limitations period restarted under § 2244(d)(1)(D) when OCCA affirmed denial of petitioner's second PCR because it was then he "discovered" that he would not have a state court remedy).

Petitioner filed his habeas petition approximately ten years beyond the limitations period. The petition does not plead facts or grounds to establish any basis for extending the limitations period under § 2244(d)(1)(B)-(D), nor does it plead facts that could support equitable tolling, extraordinary circumstances, or actual innocence. The petition is barred by the AEDPA statute of limitations, and Respondent respectfully requests that it be dismissed.

## **CONCLUSION**

Petitioner has failed to establish that he is "in custody" pursuant to two of the judgments that are the subject of his habeas petition, and he has failed to file the instant habeas petition within

the one-year period of limitations pursuant to 28 U.S.C. § 2244(d)(1). For the foregoing reasons, Respondent respectfully asks this Court to dismiss with prejudice the instant Petition for Writ of Habeas Corpus.

Respectfully submitted,

JOHN M. O'CONNOR
ATTORNEY GENERAL OF OKLAHOMA

s/ CAROLINE E.J. HUNT
**CAROLINE E.J. HUNT, O.B.A. #32635**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4534
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**   I hereby certify that on the 23rd day of March 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**   I hereby certify that on the 23rd day of March 2022, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Djuan Jackson, # 404771
James Crabtree Correctional Center
216 N. Murray St., Unit 6
Helena, OK 73741

s/ Caroline E.J. Hunt