IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DJUAN JACKSON,

    Petitioner,

v.

KAMERON HARVANEK, Warden,[1]

    Respondent.

Case No. 21-CV-0554-JFH-SH

## OPINION AND ORDER

Before the Court is Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner Djuan Jackson ("Jackson"). Dkt. No. 1. Jackson challenges the lawfulness of his custody under four criminal judgments entered against him in the District Court of Tulsa County. Jackson claims these judgments are invalid because a 19th Century treaty between the United States and the Cherokee Nation bars the State of Oklahoma from exercising criminal jurisdiction within the boundaries of the Cherokee Nation Reservation. He also claims the State violated his right to due process by retroactively applying a state court decision to deny his application for postconviction relief. Respondent urges the Court to dismiss the Petition, in part, because Jackson is no longer "in custody" under two of the challenged judgments, as required to establish jurisdiction under 28 U.S.C. § 2254(a), and, in part, because Jackson did not comply with the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1) as to any claims challenging the remaining two judgments.

---

[1] Jackson presently is imprisoned at the Howard McLeod Correctional Center ("HMCC") in, Atoka, Oklahoma. The Court therefore substitutes the HMCC's current warden, Kameron Harvanek, in place of Scott Nunn, as party Respondent. Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

Having considered the Petition, Respondent's Response [Dkt. No. 9], Jackson's Reply [Dkt. No. 10],[2] the record of state court proceedings, and applicable law, the Court finds and concludes that the Petition shall be DISMISSED in part and DENIED in part.

## BACKGROUND

Jackson claims he is in custody in violation of federal law under the judgments entered against him in Tulsa County District Court Case Nos. CF-2000-6778, CF-2009-2008, CF-2009-2009, and CF-2009-2754. Dkt. No. 1, at 1. In Case No. CF-2000-6778, Jackson was convicted, upon a guilty plea, of two counts of assault with intent to commit a felony. Dkt. Nos. 9-1, 9-4. The trial court sentenced him to five-year prison terms for each conviction, to be served concurrently, each with the other. *Id.*; Dkt. No. 9-2. Jackson did not seek direct review of this judgment. Dkt. No. 1 at 2. Jackson completed service of the sentences in Case No. CF-2000-6778 on December 28, 2004. Dkt. No. 9-17.

In Case No. CF-2009-2754, Jackson was convicted of four offenses, following a jury trial, and the trial court sentenced him as follows, with all terms to be served consecutively: four years' imprisonment for assault and battery upon a police officer, after former conviction of two felonies; one year in jail for obstructing an officer; nineteen years' imprisonment for first-degree attempted burglary after former conviction of two felonies; and one year in jail for resisting an officer. Dkt. No. 9-5. The prior felonies used to enhance Jackson's sentences in this case included the two counts of assault with intent to commit a felony from Case No. CF-2000-6778. *Id.* Jackson filed a direct appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his judgment in February 2012. Dkt. No. 1 at 2; Dkt. No. 9-6. Jackson completed service of the sentences in Case

---

[2] Because Jackson appears without counsel, the Court liberally construes his Petition and Reply. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

No. CF-2009-2754 on September 25, 2018. Dkt. No. 9-17.

In Case Nos. CF-2009-2008 and CF-2009-2009, Jackson was convicted, upon no contest pleas, of two counts of lewd molestation, after former conviction of two felonies. Dkt. Nos. 9-8, 9-10. The prior felonies used to enhance Jackson's sentences in these cases included the two counts of assault with intent to commit a felony from Case No. CF-2000-6778. *Id.* The trial court sentenced Jackson to a prison term of twenty-four years for each conviction, to be served concurrently, each with the other, and concurrently with the sentences imposed in Case No. CF-2009-2754. *Id.* Jackson did not seek direct review of these judgments. Dkt. No. 1, at 2. Jackson filed a motion for modification of sentence in 2014, and the state district court promptly denied that motion. Dkt. Nos. 9-11, 9-12. Jackson presently is serving the sentences imposed against him in Case Nos. CF-2009-2008 and CF-2009-2009. Dkt. No. 9-17.

In July 2020, the Supreme Court of the United States issued two decisions related to Jackson's claims that the State improperly exercised criminal jurisdiction over his prosecutions—*McGirt v. Oklahoma*, 591 U.S. 894 (2020), and *Sharp v. Murphy*, 591 U.S. 977 (2020). The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has exclusive jurisdiction, under 18 U.S.C. § 1153, to prosecute Indians for committing certain crimes within the boundaries of that reservation. *McGirt*, 591 U.S. at 913, 932-34. Relying on *McGirt*, the Supreme Court in *Murphy* summarily affirmed the United States Court of Appeals for the Tenth Circuit's 2017 decision that had reached the same conclusions regarding the Indian-country status of the Muscogee (Creek) Nation Reservation and the exclusivity of federal jurisdiction as to certain crimes committed by Indians within that reservation. *Murphy*, 591 U.S. at 977; *see Murphy v. Royal*, 875 F.3d 896,

3

937-38 (10th Cir. 2017). But neither Supreme Court decision addressed whether Congress disestablished the Cherokee Nation Reservation. *See McGirt*, 591 U.S. at 932 ("Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek.").

Several months after the *McGirt* decision, Jackson moved to dismiss all four judgments he identifies in the instant Petition. Dkt. No. 9-13. In that motion, Jackson described himself as "a non-Indian within the meaning of federal law,"[3] identified his victims as "non-Indian," and alleged that he committed his crimes "within the boundaries of the Cherokee Nation." *Id.* at 1-3. He claimed that a 19th Century treaty between the Cherokee Nation and the United States "provides for exclusive civil and criminal jurisdiction in all cases that occur within the boundaries of the Cherokee Nation." *Id.* at 2-3. He also asserted that "Congress has not acted to abrogate the above-mentioned treaty with respect to a non-Indian committing crimes against non-Indians within Cherokee Nation boundaries." *Id.*

While Jackson's motion to dismiss was pending in state district court, the OCCA concluded, in a different case, that a state district court "appropriately applied *McGirt* to determine that Congress did establish a Cherokee Reservation and that no evidence was presented showing that Congress explicitly erased or disestablished the boundaries of the Cherokee Reservation." *Hogner v. State*, 500 P.3d 629, 635 (Okla. Crim. App. 2021), *overruled on other grounds by Deo v. Parish*, 541 P.3d 833 (Okla. Crim. App. 2023).

In June 2021, the state district court construed Jackson's motion to dismiss as an

---

[3] In determining whether a criminal defendant is Indian for purposes of federal law, a "court must make factual findings that the defendant: '(1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal government.'" *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001) (quoting *Scrivner v. Tansy*, 68 F.3d 1234, 1241 (10th Cir. 1995)).

application for postconviction relief and denied the application. Dkt. No. 9-15. The state district court found that Jackson would testify "that he is non-Indian within the meaning of federal law," that witnesses would testify that Jackson committed his crimes of conviction "within the boundaries of the Muscogee Creek Nation and/or the Cherokee Nation," and that Jackson did not claim his victims were Indian. *Id.* at 2, 4-5. The state district court considered Jackson's treaty-based arguments and concluded that "a review of the complete language" of the treaty provisions Jackson cited did not support his position. *Id.* at 3-4. Ultimately, the state district court denied postconviction relief, reasoning that both federal and state law establishes that the State has jurisdiction to prosecute non-Indians for crimes committed against non-Indians in Indian country. *Id.* at 4-5. On postconviction appeal, the OCCA affirmed the district court's ruling based on the OCCA's decision in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) ("*Wallace*"). Dkt. No. 9-16. In *Wallace*, the OCCA held "that *McGirt* and [the OCCA's] post-*McGirt* decisions recognizing [the existence of certain] reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *Wallace*, 497 P.3d at 689. Applying *Wallace*, the OCCA reasoned that the state district court appropriately denied postconviction relief because Jackson's judgments were final before *McGirt* was decided. Dkt. No. 9-16.

Jackson now seeks federal habeas relief, identifying three claims: (1) "[t]he trial court lacked jurisdiction because provisions in treaties between the United States and Cherokee Nation exclude state criminal jurisdiction"; (2) "Congress has never granted criminal jurisdiction to Oklahoma over Cherokee Nation reservation"; and (3) the OCCA's decision in *Wallace*, that *McGirt* does not apply retroactively, "is contrary to clearly established law." Dkt. No. 1 at 5-8. Jackson states his Petition is timely "because it is filed within one year, excluding time used to

Case 4:21-cv-00554-JFH-SH   Document 11 Filed in USDC ND/OK on 11/22/24   Page 6 of 11

exhaust state remedies" of the decisions in *McGirt* and *Hogner*. *Id.* at 13.

Respondent urges the Court to dismiss the Petition for two reasons. First, Respondent contends this Court lacks jurisdiction over any claims challenging the judgments in Case Nos. CF-2000-6778 and CF-2009-2754, asserting that Jackson is not "in custody" under these judgments because: (1) Jackson has fully served the sentences in both cases; (2) the convictions in CF-2009-2754 were not used to enhance his sentences in Case Nos. CF-2009-2008 or CF-2009-2009; (3) the sentence in CF-2009-2754 was not served consecutively to the sentences in Case Nos. CF-2009-2008 or CF-2009-2009; and (4) even though the convictions in Case No. CF-2000-6778 were used to enhance Jackson's sentences in Case Nos. CF-2009-2008 and CF-2009-2009, the Petition "cannot fairly be read to challenge his current sentences as enhanced by his convictions in Case No. CF-2000-6778." Dkt. No. 9 at 6-9. Second, Respondent concedes that this Court has jurisdiction over any claims challenging the judgments in Case Nos. CF-2009-2008 and CF-2009-2009, but contends that any claims challenging these judgments are barred by the one-year statute of limitations, and Jackson has not alleged any circumstances that would support equitable tolling of, or applying the actual-innocence equitable exception to, the statute of limitations. *Id.* at 9-16.

In his reply, Jackson concedes that his "sentence is expired" in Case No. CF-2009-2754 and "agrees" with Respondent that the Petition should be dismissed, in part, as to any claims challenging that judgment. Dkt. No. 10 at 1. But Jackson argues he is "in custody" as to all three remaining judgments because the convictions in Case No. CF-2000-6778 were "used to enhance CF-2009-2008 and CF-2009-2009," thus, the Petition "should be construed to state that he is serving sentences CF-2009-2008 and CF-2009-2009 enhanced by CF-2000-6778." *Id.* He further argues that his Petition is timely, or should be deemed timely, because: (1) the statute of limitations does not apply to convictions that are "void" for lack of jurisdiction; (2) the statute of limitations

6

commenced, under 28 U.S.C. § 2244(d)(1)(C), when *McGirt* announced a new rule of criminal procedure; (3) the statute of limitations commenced, under § 2244(d)(1)(D), when *McGirt* adjudicated a substantive fact that forms the factual predicate of his claim; and (4) that equitable tolling is warranted because he diligently pursued his Indian country jurisdiction claims "from the moment" the Tenth Circuit issued *Murphy* and the Supreme Court issued *McGirt*, the latter of which "cleared up" an "extraordinary general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma." *Id.* at 1-6.

## DISCUSSION

A federal court may grant federal habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But "[t]o ensure that federal habeas corpus retains its narrow role, [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] imposes several limits on habeas relief, and [the Supreme Court] ha[s] prescribed several more." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it]." *Id.* (alteration in original) (quoting *Brown v. Davenport*, 596 U.S. 118, 134 (2022)). On the record presented, the Court finds and concludes that law and justice do not require habeas relief because Jackson has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States as to any of the challenged judgments.

### A.   Jackson is not "In Custody" Under Two of the Challenged Judgments

Respondent contends, and the Court finds, that the Petition should be dismissed, in part, for lack of jurisdiction. A state prisoner seeking federal habeas relief must show that he is "in custody pursuant to the judgment of a State court" when he files the petition. 28 U.S.C. § 2254(a);

7

*see United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.1994) (stating that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction" and, thus, that such party must demonstrate that he "is in custody at the time of initiating [his] petition"). The in-custody requirement is jurisdictional. *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009). And, "[t]o obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment." *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011).

Respondent concedes that the Petition "is not subject to outright dismissal on jurisdictional grounds" because Jackson is in custody under the judgments entered against him in Case Nos. CF-2009-2008 and CF-2009-2009. Dkt. No. 9 at 7. The Court finds that Jackson's present confinement under these challenged judgments satisfies the "in custody" requirement and that this Court therefore has jurisdiction to adjudicate his Petition as to any claims challenging these two judgments. However, as Respondent contends, because Jackson has fully served his sentences in Case Nos. CF-2000-6778 and CF-2009-2754, he is not in custody under those judgments, and he therefore cannot challenge the validity of those judgments. Dkt. No. 9 at 7-8; *see Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid" and that even "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained"); *Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (*per curiam*) (holding that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has

fully expired" regardless of whether the prior conviction might be, or has been, "used to enhance the sentences imposed for any subsequent crime of which he is convicted"). Because Jackson is not "in custody" under the judgments in Case Nos. CF-2000-6778 and CF-2009-2754, the Court DISMISSES the Petition, in part, for lack of jurisdiction, as to all claims challenging these two judgments.

### B. Jackson's Claims Lack Merit

The parties disagree as to whether the statute of limitations bars Jackson's claims challenging the judgments in Case Nos. CF-2009-2008 and CF-2009-2009. Dkt. No. 9 at 9-16; Dkt. No. 10, at 1-5. State prisoners ordinarily have one year from the date a state criminal judgment becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In some circumstances, the limitations period commences at some date later than the date the judgment became final through the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(B)-(D). Regardless of when the limitations period commences, that period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Because the statute of limitations is not jurisdictional, a court may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the limitations period based on "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

On the facts alleged, the Court finds it unnecessary to decide whether Jackson's claims challenging the judgments in Case Nos. CF-2009-2008 and CF-2009-2009 are barred by the statute of limitations, because his claims clearly lack merit. *See Smith v. Duckworth*, 824 F.3d 1233, 1242 (10th Cir. 2016) (explaining that if a "'claim may be disposed of in a straightforward fashion on

substantive grounds,' this court retains discretion to bypass the procedural bar and reject the claim on the merits" (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002))). At bottom, Jackson's claims are premised on his position that the State had no jurisdiction to prosecute him for crimes he committed in Indian country. But, as the state district court found, Jackson is not Indian. Dkt. No. 9-15 at 4-5. Critically, after Jackson filed the Petition, the Supreme Court addressed "a jurisdictional question about the prosecution of crimes committed by non-Indians against Indians in Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 632 (2022). *Castro-Huerta* precludes relief for Jackson because the *Castro-Huerta* Court: (1) held that "the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country," 597 U.S. at 633; and (2) reaffirmed that "[s]tates have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country," *id.* at 637 (citing *United States v. McBratney*, 104 U.S. 621 (1882)). Because Jackson's claims challenging the judgments in Case Nos. CF-2009-2008 and CF-2009-2009 lack merit, the Court DENIES the Petition, in part, as to all claims challenging these two judgments.

## CONCLUSION

Because Jackson is not "in custody" under the judgments in Case Nos. CF-2000-6778 and CF-2009-2754, the Court DISMISSES the Petition, in part, for lack of jurisdiction. Because Jackson's claims challenging the judgments in Case Nos. CF-2009-2008 and CF-2009-2009 lack merit, the Court DENIES the Petition, in part. And because reasonable jurists would not debate this Court's disposition of the Petition, the Court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) the Petition [Dkt. No. 1] is DISMISSED in part and DENIED in part; (2) a certificate of appealability is DENIED; and (3) a separate judgment

shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Kameron Harvanek, Warden, in place of Scott Nunn as party Respondent.

Dated this 22nd day of November, 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE